LEMMON, Judge
(dissenting).
A person seeking redhibition need not prove the exact cause of the redhibitory defect, but must prove simply that such a defect existed. In my opinion plaintiff’s proof in this case that the trailer collapsed while being used on its first trip and that at the time of collapse the trailer was being used in a foreseeable, non-abusive and reasonable manner constitutes sufficient circumstantial evidence that the trailer was defective when manufactured and when sold.
Mrs. Rey was driving on a paved highway about 30 to 35 miles per hour when the trailer suddenly began to sway. The only extenuating circumstance was that she had been passed by another car (not a large truck or bus) just prior to the time the trailer commenced swaying. Mrs. Rey testified, and her husband and daughter corroborated, that she kept the steering wheel straight and did not apply the brakes until she was over in the emergency parking lane, at which time she then applied the brakes slowly and brought the car and trailer to a slow stop.
There was a great deal of speculative testimony by an unqualified witness that the damage which he observed in the Rey trailer was the type generally caused by over-reaction of an inexperienced driver to a swaying trailer. This witness explained in detail that an inexperienced driver tends to turn the steering wheel in the direction of sway and thus causes increased swaying, which is accentuated by braking the automobile rather than the trailer. Even if this evidence were admissible and of probative value, it would not be detrimental to plaintiff, inasmuch as Mrs. Rey’s un-contradicted testimony was that although she was inexperienced at driving trailers, she did not react as described.
Much of plaintiff’s efforts were directed toward attempting to prove that the chassis *71 size was inadequate and that the spot welding was insufficient to accomplish safe use of the trailer in the manner intended. Plaintiff proved that the frame bent, that the springs ¡lid not break or bend, and that three to five spot welds broke loose, but did not thereby prove the exact cause of the trailer collapse. However, the key issue in this case of a trailer collapse in its first use is whether the collapse occurred in normal and foreseeable use (in which case a manufacturing defect should reasonably be inferred) or in abnormal and unforeseeable use (in which case such a defect should not be inferred). In my opinion plaintiff proved that they used the trailer in a normal and foreseeable manner, thus raising the strong inference that the trailer would not have collapsed in the absence of a defect. Since the circumstantial evidence indicates the defect existed at the time of manufacture and at the time of sale, plaintiff should be entitled to recover the purchase price against both the manufacturer and the seller.
Even if driver reaction to unexpected sway contributed to the trailer collapse in the present case, the manufacturer who knew of this possible hazard was obliged to warn its prospective users (who were not aware of the hazard). Absent this warning, a normal driver reaction, should be considered normal use. The manufacturer did not offer the trailer for sale only to persons experienced in driving trailers. If the normal reaction of an inexperienced driver resulted in a collapsed trailer, then the manufacturer should not be allowed to defend on the basis that the trailer collapsed in abnormal use.
The fact that Rey did not read the owner’s manual is not dispositive of the issue. Rey’s failure to read the manual did not cause the damage to the trailer, for if he had read the manual, he would not have received the required warning. Furthermore, if the manufacturer had given the proper notices of this hazard, perhaps the dealer, other trailer owners, or any member of the public might have warned Mrs. Rey of the unexpected sensitivity to sway. The manufacturer’s duty to provide a required warning should not be excused by the fact that the particular consumer did not read the manual in which the warning should have been contained. Such an interpretation of duty places the burden on a consumer to search for the required warning rather than on the manufacturer to effectively provide the warning.
Since this hazard was one of which the manufacturer had knowledge because of the substantial amount of previous similar occurrences, then the manufacturer had the duty to attempt to correct the cause of the danger, if possible and practical, or to warn the consumer of the danger and of the proper method of avoiding it.